19-1639-cr
United States v. Fuentes

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
               *Circuit Judges*.
------------------------------------------------------------------

UNITED STATES OF AMERICA,

               *Appellee*,

        v.                                                  No. 19-1639

MIGUEL FUENTES, AKA SEALED DEFENDANT 1,

               *Defendant-Appellant*.
------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:     James Matthew Branden, Law Office of James M. Branden, New York, NY.

FOR APPELLEE:     Ni Qian, Karl Metzner, Assistant United States Attorneys, Of Counsel, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Miguel Fuentes appeals from a judgment of conviction entered by the District Court (Wood, <u>J.</u>) upon his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Fuentes was sentenced principally to a term of imprisonment of 70 months.  On appeal, Fuentes argues that a defect in the Information to which he pleaded guilty deprived the District Court of jurisdiction to adjudicate his case, that in any event he did not knowingly and

2

voluntarily plead guilty, and that his sentence is substantively unreasonable.  We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

## 1. Jurisdictional Defect

Fuentes first argues that the District Court lacked jurisdiction to adjudicate his case because the Information to which he pleaded guilty did not explicitly allege that Fuentes knew he was a convicted felon, as he says is required under Rehaif v. United States, 139 S. Ct. 2191 (2019).  Fuentes's argument is foreclosed by United States v. Balde, 943 F.3d 73 (2d Cir. 2019), in which we held that the charging instrument's failure to allege the defendant's knowledge of his status as a convicted felon prohibited from possessing a firearm was not a jurisdictional defect because the charging instrument "track[ed] the [statutory] language" and included specific allegations as to the charged crime.  Id. at 89–92.  Here, the Information also tracked the statutory language in § 922(g) and provided specifics of the alleged crime.  The District Court therefore had jurisdiction to adjudicate Fuentes's case.

2. <u>Whether Fuentes's Guilty Plea was Knowing and Voluntary</u>

Fuentes next argues that his guilty plea is void because the District Court did not provide adequate notice of the § 922(g) requirement that he knew he was a convicted felon at the time of the offense. Because Fuentes did not make this argument before the District Court, we review for plain error. <u>See</u> Fed. R. Crim. P. 52(b).

To establish a violation under § 922(g), the Government was required to prove beyond a reasonable doubt that Fuentes knew that he was a convicted felon. <u>Rehaif</u>, 139 S. Ct. at 2200. Although Fuentes should have been advised that knowledge of his felony status was an element of the offense to which he was pleading guilty, <u>see</u> <u>Balde</u>, 943 F.3d at 96, we conclude that Fuentes has not demonstrated that the error "affected [his] substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." <u>Id.</u> (quotation marks omitted). During the plea proceeding, when asked why he was guilty under § 922(g), Fuentes replied, "I had a weapon possessed in my possession and I am a prior felon. I know it was against the law." App'x 31. Fuentes also acknowledged that he had previously been convicted of a crime

punishable by a sentence of at least one year.  And in 2009 Fuentes had in fact been convicted in Massachusetts of possession with intent to distribute a controlled substance and was sentenced to 30 months' imprisonment.  For these reasons, we discern no reasonable probability that but for the error, Fuentes would not have entered the plea.  Balde, 943 F.3d at 96.

### 3.  Substantive Reasonableness

We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).  Fuentes argues that his sentence was substantively unreasonable primarily because the District Court failed to account for mitigating factors and inflated the seriousness of his offense.  We are not persuaded.  In imposing the sentence, the District Court adequately considered several factors in Fuentes's favor, such as his familial support and his determination to "turn over a new leaf."  App'x 136.  The District Court explained that it had carefully considered all of the letters and articles submitted by Fuentes, his relatives, and his counsel.  In assessing the severity of the offense,

5

furthermore, the District Court considered Fuentes's lengthy criminal history and the fact that Fuentes, a convicted felon, had a loaded gun. We therefore reject Fuentes's argument that his sentence was substantively unreasonable.

We have considered Fuentes's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court